UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-0527-TWP-TAB |
| ) | |
| JANET NAPOLITANO, SECRETARY, ) | |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS AND
PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Adam Wells ("Mr. Wells") has brought suit against Janet Napolitano, Secretary, U.S. Department of Homeland Security ("the Secretary"), in her official capacity, alleging she violated Title VII of the Civil Rights Act of 1991 by terminating Mr. Wells from his position as a Human Resources Assistant. This matter is before the Court on the Secretary's Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(5), for insufficient process and insufficient service of process. For the reasons stated below, The Secretary's Motion to Dismiss (Dkt. 11), is **DENIED**, and Mr. Wells is ordered to effectuate service upon the Attorney General of the United States within fourteen (14) days of the date of this Entry. Additionally, Mr. Wells' Motion for Sanctions, included in his Response in Opposition to Defendant's Motion to Dismiss (Dkt. 15), is **DENIED** as improper and unsubstantiated.

**I. LEGAL STANDARD**

In order to serve a United States officer in her official capacity, the Federal Rules of Civil Procedure require that the plaintiff serve the United States and send a copy of the summons and complaint to the officer. Fed. R. Civ. P. 4(i)(2). Service upon the United States is accomplished

by delivering a copy of the summons and of the complaint to the United States attorney for the district where the action is brought and sending a copy of each by registered or certified mail to the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(1).  Thus, three copies of the summons and complaint must be sent:  1) to the officer, 2) to the United States attorney for the district where the action is brought, and 3) to the Attorney General of the United States.

If proper service is not accomplished within 120 days of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Thus, where the plaintiff fails to show "good cause," the court is left with two options: 1) dismiss the action without prejudice, or 2) order that service be made within a specified time.  *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006).

Ultimately, "the decision of whether to dismiss or extend the period for service is inherently discretionary."  *Cardenas*, 646 F.3d at 1005 (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)).

## II. BACKGROUND

Mr. Wells filed his Complaint on March 28, 2013.  The Complaint was served on the U.S. Attorney's Office in Indianapolis, Indiana and on the Department of Homeland Security Secretary, Janet Napolitano; receipt was acknowledged on April 30, 2013 and May 13, 2013, respectively. (Dkt. 15-1, -2.)  Service, however, was not made on the Attorney General of the United States in Washington, D.C. ("the Attorney General") within 120 days, which ended on July 26, 2013.  Though the Secretary's answer was initially due to be filed on June 30, 2013, on June 25th, she filed a Notice of Initial Enlargement of Time until July 28, 2013, which Mr. Wells

agreed to (Dkt. 6).  On July 29, 2013, after Mr. Wells' 120-day window for service had passed by three days, the Secretary filed her Motion to Dismiss for Insufficient Process and Insufficient Service of Process (Dkt. 11).

On November 4, 2013, Mr. Wells caused a summons, directed to the Attorney General, to be issued (Dkt. 23).

### III.  DISCUSSION

**A.     The Secretary's Motion to Dismiss**

Mr. Wells does not dispute that he failed to satisfy the requirements of Fed. R. Civ. P. 4(i)(1) by failing to serve the Attorney General.  Further, Mr. Wells makes no effort to argue that "good cause" exists for his failure, and instead argues that "the factors weigh heavily in favor of permissive extension of time." (Dkt. 15 at 3.)   Because he lacks "good cause," Mr. Wells "throws himself on the mercy of the district court."  *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006).

To assist courts in making the decision whether to grant a permissive extension of time, the Seventh Circuit has articulated several factors that a district court may consider:  the relevant statute of limitations bar, whether an extension for service would cause prejudice to the defendant, whether the defendant had actual notice of the lawsuit, whether the defendant was ultimately served, whether the defendant evaded service, whether the plaintiff sought an extension within the time period, and whether the plaintiff was diligent in their efforts to procure service.  *Cardenas v. Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011); *McLaughlin*, 470 F.3d at 700.  It is not necessary that a plaintiff demonstrate "excusable neglect" in order to receive additional time for service.  *McLaughlin*, 470 F.3d at 700.

Some factors militate in Mr. Wells' favor, while others support dismissal. A dismissal of his case, though without prejudice, will be fatal to Mr. Wells' claim. The ninety day window in which Mr. Wells was required to file his action after receiving the final agency decision has long since passed. Further, there is no reason to believe that the Secretary and the Department of Homeland Security have been, or will be, prejudiced by an extension of the window for service. The Secretary's Memorandum and Reply Memorandum do not claim any such prejudice. Additionally, because service was accomplished on the Secretary and the U.S. Attorney's Office in Indianapolis, it is apparent that all relevant parties had actual notice of the claims. Though the filing of a motion to dismiss does not waive a defendant's arguments regarding lack of service, the fact that an Assistant United States Attorney has filed an appearance on behalf of the Secretary and signed the Secretary's Memorandums on behalf of himself, the United States Attorney, and the Attorney General, indicates that no interested party lacks actual notice of Mr. Wells' claims against the Secretary. Finally, a summons to the Attorney General was finally issued on November 4, 2013, 101 days after the June 26th deadline, though receipt does not appear to have yet been acknowledged (Dkt. 23).

Arguing in favor of dismissal is the fact that Mr. Wells appears to have wholly failed to make any effort to serve the Attorney General within the statutory timeframe. Nor did Mr. Wells ever move for an extension of time to do so until the Secretary filed her Motion to Dismiss. Despite Mr. Wells' allegations that the Secretary's request for an extension of time to file her answer constituted "trickery" and a "cynical ploy to strangle Plaintiff's lawsuit at its outset by asking this Court to kill it," (Dkt. 15 at 4), there is no evidence that the Secretary or the Attorney General have sought to evade service. Quite simply, there was no attempt at service that could

have been evaded.  Thus, whether to grant the Secretary's Motion to Dismiss is a close call and one left entirely to the Court's discretion.

Because it is clear that actual notice was accomplished, and because the Secretary has articulated no reasons why the Court should not grant a permissive extension of time beyond Mr. Wells' technical failure to serve the Attorney General within 120 days, the Court finds that a permissive extension is in order.

**B.     Mr. Wells' Motion for Sanctions**

Inserted within his response to the Secretary's Motion to Dismiss is Mr. Wells' Motion for Sanctions Pursuant to 28 U.S.C. § 1927.  (Dkt. 15 at 4-5.)  To begin, the motion is improper for failure to comply with S.D. Ind. L.R. 7-1(a), as "a motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court."  Further, sanctions are unwarranted on the basis that a properly filed and factually warranted motion to dismiss for insufficient process is patently not frivolous, not unreasonable, and not without foundation.  Accordingly, Mr. Wells' request for sanctions is **DENIED**.

## IV.  CONCLUSION

Exercising the judicial discretion afforded the Court under Fed. R. Civ. P. 4(m), the Secretary's Motion to Dismiss (Dkt. 11), is **DENIED**, and Mr. Wells is ordered to effectuate service upon the Attorney General of the United States within fourteen (14) days of the date of this Entry.  Additionally, Mr. Wells' Motion for Sanctions included in his Response in Opposition to The Secretary's Motion to Dismiss (Dkt. 15), is **DENIED** as improper and unsubstantiated.

**SO ORDERED.**

Date: 11/21/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

5

DISTRIBUTION:

Joel Samuel Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com

Orest S. Szewciw
UNITED STATES ATTORNEY'S OFFICE
Northern District of Indiana
orest.szewciw@usdoj.gov

Wayne T. Ault
UNITED STATES ATTORNEY'S OFFICE
Northern District of Indiana
wayne.ault@usdoj.gov