UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ADAM WELLS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-00527-TWP-TAB |
| | ) | |
| JANET NAPOLITANO Secretary, U.S. | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY JUDGMENT**

This matter is before the Court on Defendant Jeh Johnson,[1] Secretary of the United States Department of Homeland Security's (the "Secretary") Motion for Judgment on the Pleadings for Failure to State a Claim on which Relief can be Granted or, Alternatively, for Summary Judgment. (Filing No. 29). The Secretary alleges that Plaintiff Adam Wells ("Mr. Wells") failed to exhaust his administrative remedies and thus has failed to state a claim upon which relief can be granted. For the reasons set forth below, the Secretary's motion is **DENIED**.

## I. BACKGROUND

On August 1, 2011, Mr. Wells began his employment as a Human Resources Assistant with the United States Customs and Border Protection ("CBP"), which is a sub-agency of the United States Department of Homeland Security. Mr. Wells' employment was subject to a one year probationary period. However, he was terminated prior to the end of his probationary period, effective July 27, 2012.

---

[1] On December 23, 2013, Jeh Johnson became the Secretary of the United States Department of Homeland Security. Pursuant to Fed. R. Civ. P. 25(d), Jeh Johnson is automatically substituted as a party in this case.

On August 23, 2012, Mr. Wells filed a formal appeal with the United States Merit Systems Protection Board ("Merit Systems Board"), challenging his termination from the CBP. In his Merit Systems Board appeal, Mr. Wells alleged that his termination was for budgetary reasons. On September 17, 2012, Mr. Wells submitted a letter to the Administrative Judge assigned to his Merit Systems Board petition formally requesting to withdraw his appeal based upon his belief that the Merit Systems Board lacked jurisdiction, which was granted on September 25, 2012, in an "Initial Decision." The Initial Decision also described the procedures and deadlines for Mr. Wells to appeal the decision of the Administrative Judge to the full Merit Systems Board or to the United States Court of Appeals for the Federal Circuit.

On November 20, 2012, Mr. Wells filed a formal Equal Employment Opportunity ("EEO") complaint with the CBP's Office of Diversity and Civil Rights ("DCR"), alleging, for the first time, that his employment termination was improperly motivated by race and sex discrimination. On December 28, 2012, the DCR procedurally dismissed Mr. Wells' formal EEO complaint. Mr. Wells filed his Complaint with this Court on March 28, 2013, alleging that he was terminated for discriminatory reasons, and that he satisfied his obligation to exhaust his administrative remedies by timely filing a formal complaint of discrimination with the DCR. Additional facts will be added below as necessary.

## II. LEGAL STANDARD

Because the parties have presented materials outside of the pleadings, the Court will treat the Secretary's motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.") Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat the motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute between the parties . . . nor the existence of some metaphysical doubt as to the material facts . . . is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III.  DISCUSSION

The Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.* ("CSRA") permits a federal employee who is discharged to appeal his agency's decision to the Merit Systems Board. *Kloeckner v. Solis*, 133 S. Ct. 596, 600 (2012) (citing 5 U.S.C. §§ 1204, 7512, 7701). "Such an appeal may merely allege that the agency had insufficient cause for taking the action under the CSRA; but the appeal may also or instead charge the agency with discrimination prohibited by another federal statute, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

3

. . ." *Id.* at 600-01 (citing 5 U.S.C. § 7702(a)(1)). When an employee complaint of a personnel action that is appealable to the Merit Systems Board also alleges that the action was based on unlawful discrimination, he is said to have brought a "mixed case." *Id.* at 601 (citing 29 C.F.R. § 1614.302). The Merit Systems Board has the authority to hear and decide mixed case appeals. 29 C.F.R. § 1614.302(a).

An employee also has the option to file a mixed case with the agency itself by filing an EEO complaint. *Id.* at 601 (citing 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b)). If the agency decides against the employee, he may then either take the matter to the Merit Systems Board or bypass further administrative review by suing the agency in district court. *Id.* (citing 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.302(d)(1)(i)). The employee is required to make an election as to whether to file a mixed case complaint with an agency through an EEO complaint or with the Merit Systems Board through an appeal, but may not do both. 29 C.F.R. § 1614.302(b). The employee must elect to pursue his claims under one method or the other. *Id.*

The Secretary alleges that Mr. Wells did not exhaust his administrative remedies because he first filed an appeal with the Merit Systems Board, voluntarily dismissed such appeal, and then filed an EEO complaint of discrimination with the DCR. *See McGinty v. U.S. Dep't of the Army*, 900 F.2d 1114, 1117 (7th Cir. 1990) ("[A]dministrative remedies, once initiated, must be exhausted before a suit may be filed."). The Secretary proceeds under the assumption that Mr. Wells was required to assert his discrimination claims with his Merit Systems Board appeal; however, the Secretary cites to no statute, regulation, or other legal authority that would have forced Mr. Wells to bring all of his claims arising out of his termination in a single appeal or complaint. The cases cited by the Secretary are distinguishable from Mr. Wells' case in that the appeals to the Merit Systems Board were all mixed cases to which the election requirement of 29

4

C.F.R. § 1614.302(b) applied. *See Stoll v. Principi*, 449 F.3d 263 (1st Cir. 2006) (allegations of ADEA, Title VII, and Rehabilitation Act violations filed with Merit Systems Board); *Economu v. Cladera*, 286 F.3d 144 (2d Cir. 2002) (same); *McAdams v. Reno*, 64 F.3d 1137 (8th Cir. 1995) (claims of sex discrimination and retaliation filed in both EEO complaint and Merit Systems Board appeal). Mr. Wells' appeal to the Merit Systems Board was not such a case, as it did not fit the definition of a "mixed case" appeal because it did not involve any alleged acts of discrimination. The Court finds that the election provision of 29 C.F.R. § 1614.302(b) does not apply to Mr. Wells' appeal brought before the Merit Systems Board, and thus does not preclude his EEO complaint and exhaustion of remedies for alleged discrimination through the DCR. Therefore, dismissal for failure to exhaust administrative remedies is not warranted, and the Secretary's Motion is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the Secretary's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment ([Filing No. 29](#)), is **DENIED**.

**SO ORDERED.**

Date: 8/20/2014

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joel S. Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com

Wayne T. Ault
UNITED STATES ATTORNEY'S OFFICE
wayne.ault@usdoj.gov

Jill Z. Julian
UNITED STATES ATTORNE''S OFFICE
jill.julian@usdoj.gov

Orest S. Szewciw
UNITED STATES ATTORNEY'S OFFICE-Northern District of Indiana
orest.szewciw@usdoj.gov